IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIUS ROBINSON,          : | |
|       Plaintiff          : | |
|     v.                            : | Case No. 3:21-cv-210-KAP |
| LIUTENANT (sic) JANE DOE, : | |
| *et al.*,                 : | |
|       Defendants        : | |

Memorandum Order

Under the Prison Litigation Reform Act an inmate must properly pursue all available avenues for relief through the prison's grievance system before bringing a federal civil rights action. *See* 42 U.S.C.§ 1997e(a), which provides in relevant part that "[n]o action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The circumstances that make an administrative remedy unavailable, *see* Ross v. Blake, 578 U.S. 632, 643-44 (2016), are limited. *See also* Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Proper exhaustion demands compliance with an agency's deadlines and other procedural rules. Woodford v. Ngo, 548 U.S. 81, 90 (2006).

Plaintiff, now at F.C.I. Milan, filed a civil complaint over conditions at F.C.I. Loretto, where he was held in late 2019 and early 2020. At ECF no. 27, defendants move to dismiss or for summary judgment on the grounds that plaintiff's grievance record demonstrates that he failed to properly exhaust his administrative remedies prior to filing the instant action. The plaintiff, although moving for and being given additional time to reply, has not responded. The record, *see* Kerr Declaration, Attachment 2, shows that plaintiff failed to complete the Bureau of Prisons grievance process, 28 C.F.R.§§ 542.10-19, as to any issue over conditions at Loretto. The BOP's administrative remedy program is not opaque or a meaningless dead end as discussed in Ross v. Blake – scores, if not hundreds, of inmates navigate it successfully every year in this district - and there is no claim or evidence that prison personnel obstructed plaintiff's access.

      The Motion to Dismiss or for Summary Judgment, ECF no. 27, is granted. Judgment is entered for the defendants because plaintiff did not exhaust his administrative remedies before filing his civil complaint. The Clerk shall mark this matter closed.

DATE: August 23, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

    Darius Robinson, Reg No. 70489-050
    F.C.I. Milan
    P.O. Box 1000
    Milan, MI 48160